CASSIUS P. BROWN *v.* WINOOSKI TURNPIKE COMPANY.

*Liability of turnpike corporation.　Construction of charter.*

Under the provision of the charter of the Winooski Turnpike Company, which gives the right to recover damages for an injury occasioned by the insufficiency of the turnpike only to those, of whom toll is demandable, the person injured may sustain an action, if toll were demandable of him at any gate upon the road, although he was not, at the time of the injury, passing, or intending to pass, through or near any gate.

Although the charter provides, that no toll shall be demandable, at any gate, of any person living within eight miles of such gate, yet if the corporation receive, from a person living within less than eight miles of a gate, as commutation for passing such gate, they will be estopped from denying, that he is entitled to sustain an action for an injury received by him upon the turnpike.

TRESPASS ON THE CASE, for an injury sustained by the plaintiff by reason of the insufficiency of the turnpike road of the defendants. It was alleged, that the plaintiff was one from whom toll was legally demandable by the defendants, at the time the injury accrued. Plea, the general issue, and trial by jury, September Term, 1848,—BEN-NETT, J., presiding.

On trial, it appeared, that the plaintiff and his family resided, at the time of the accident and for some years previous, in his father's family in the village of Williston, about eight miles from the westerly termination of the turnpike, and upon or near the turnpike ; that at the time of the accident and for years previous there was a gate upon the turnpike, about five miles west of the plaintiff's residence, where toll was received by the defendants, and another gate in Bolton, about fifteen miles east of the plaintiff's residence, at which gate toll was also received by the defendants,—and that there was no gate, or place of receiving or demanding toll, between these two gates ; that for the year 1846, (within which year the accident happened,) the plaintiff's father made a contract with the defendants, by which it was stipulated, that he and his family, including the plaintiff and his family, should, for the sum of one dollar, paid by the plaintiff's father to the defendants, have the right to pass and re-pass the gate situated five miles west of the plaintiff's residence, as often as occasion required during that year ; and that the contract

was confined to that gate. It farther appeared, that on the occasion of the accident in question the plaintiff started from his residence on horseback, and travelled eastwardly on the turnpike about fifty or sixty rods, and then left the turnpike and went north, a mile or two, to the residence of his brother, and did not again enter upon the turnpike, until his return; that on the same evening he returned by the same route, and entered upon the turnpike at the point where he left it, as above stated, and, when within a few rods of his residence, while crossing a culvert on the turnpike, the accident occurred; and that the plaintiff did not pay toll, in this particular instance, on the journey that he was upon,—not passing any gate on the turnpike, either in going or returning home.

The defendants requested the court to instruct the jury, that if the plaintiff did not, on the occasion in question, travel or intend to travel so far, or to such a point on the turnpike, as to subject him to liability to pay toll by his passing a gate, as then located, he was not a person liable to pay toll, within the meaning of the defendants' charter,[*] and that, upon the above facts, the plaintiff was not entitled to recover.

But the court charged the jury, that the plaintiff was entitled to recover, if the obligation of the defendants to keep the road in repair and the want of repair of the road, and the fact, that the injury occurred by reason of the want of repair of the road, were proved.

Verdict for plaintiff. Exceptions by defendants.

A. *Peck* for defendants.

Section 2 of the charter, giving the defendants the right to demand toll, limits this right to the receipt of toll at the gates; the words are, " *at each of said gates,*" and toll is demandable only on passing the gate;—and section 5, giving the right of action, limits it to those, from whom *toll is demandable.* To bring a case within this provision, toll must be demandable on the journey performed, or at least contemplated, on the occasion of the injury. This provision clearly is not intended to give a general unqualified right to all per-

---

[*] By which it is provided, that the corporation " shall be liable to pay all dam- " ages, which may happen to any person from whom toll is demandable, which " may arise from neglect of any bridge, or want of repairs on said road." Acts of 1805, p. 154.

sons, thus injured while travelling on the turnpike, to sue,—but a limited and qualified right. This limitation is not of a personal character, that is, it does not exclude any person, or class of persons, absolutely from this right of action; but it makes the right to demand toll, for the purpose of this suit, depend upon the business or nature of the journey. Unless the construction is, that toll must be demandable on the journey, or occasion, when the injury occurs, then the words "*from whom toll is demandable,*" are unnecessary and nugatory. The facts stated in the exceptions do not sustain the allegation in the declaration, that, at the time of the injury, while the plaintiff was riding across the bridge, "*toll was then and there demandable*" of him.

*D. A. Smalley* for plaintiff.

1. The defendant's charter imposes upon them the obligation to keep their road in repair. It also makes them liable, by *express provisions,* for all damages, which may happen to any persons, from whom toll is demandable, for want of repairs on the road. Acts of 1805, p. 154, § 5. Toll was demandable from the plaintiff; and was actually paid for him by his father, as the case shows. Whether he had passed a *gate,* or intended to pass one, on this particular journey, is immaterial.

2. A turnpike is, at common law, a public highway, which the owners are bound to keep in repair. *Commonwealth* v. *Wilkinson,* 16 Pick. 177; *Goshen & Sharon Turnpike Co.* v. *Sears,* 7 Conn. 86; *Bartlett* v. *Crosur,* 15 Johns. 250; *Townshend* v. *Susquehannah Turnpike Co.,* 6 Johns. 90.

3. The fact, that they erected gates and collected toll upon their road, imposes upon them, at common law, a duty to keep their road in repair. *Riddle* v. *Prop. of Locks and Canals on Mer. River,* 7 Mass. 169; *Randall* v. *Cheshire Turnpike Co.,* 6 N. H. 147.

4. The defendants, being bound to keep their road in repair, are liable, at common law, for any injury caused to *any* individual from want of such repairs. The provision in the defendants' charter, that they shall be liable, is only cumulative. *Russell* v. *The Men of Devon,* 2 T. R. 671. *Bartlett* v. *Crosur,* 15 Johns. 250. *Townsend,* v. *Susquehannah Turnpike Co.,* 6 Johns. 90. *Russell* v. *Pro. of Locks and Canals &c.,* 7 Mass. 169. *Goshen & Sharon Turn*

*pike Co.* v. *Sears*, 7 Conn. 86. *Commonwealth* v. *Wilkinson*, 16 *Pick.* 177.

5. The legislature have the right to pass general laws, regulating the conduct, and prescribing the duties and liabilities of corporations, as well as of individuals. They have made all turnpike corporations liable to pay all damage, that may happen to *any* person from want of repair of their road, &c. Slade's St. 161. St. of Nov. 3, 1815. Rev. St. 383, § 15. Suits have been repeatedly brought and recoveries had against these defendants, and other turnpike companies, whose charters are precisely like this,—and no one before ever doubted the right of any *person* to *recover*, who had sustained an injury by a defect in their road. *Halley* v. *Winooski Turnpike Co.*, 1 Aik. 74; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114. *Richardson* v. *Royalton & Woodstock Turnpike Co.*, 6 Vt. 496. *Noyes* v. *White River Turnpike Co.*, 11 Vt. 531.

The opinion of the court was delivered by

REDFIELD, J. This is an action for damages sustained through the insufficiency of the defendants' road. The plaintiff, at the time the injury accrued, was not intending to pass one of the gates of the company; and the charter gives the right to recover damages only to those, of whom toll is demandable, and then contains a provision in regard to certain persons, who shall be exempt from paying toll under certain circumstances.* And the question to be determined is, whether the plaintiff was one, of whom toll was demandable, within the meaning of the charter giving the remedy for injuries; and we think he must be so considered.

1. It appears in the case, that the company had actually taken a commutation of him, for passing one of their gates; and there is no pretence that he was not liable, if he passed the other gates of the company.

2. Then we think, if toll was demandable of him upon the road at all, he must come within the words of the provision; and the

---

* This provision is, " That no toll shall be demandable at any turnpike gate, of any person, being a citizen of this state, and living within eight miles of such gate ; but such person shall at all times pass free, with his horse, carriage, or team; also, at any greater distance, when going to or from public worship, or on military duty, or to or from any grist or saw mill."

most that can be said is, that the restriction could, at most, only extend to those persons, who were injured upon a use of the road, which came within the exception,—which the use of the plaintiff at the time of the injury did not,—and even this restriction would be almost absurd, for he must use the road, as the public had provided no other.

And the company, by taking toll of the plaintiff for a gate within five miles of his residence, had departed from the exemption as to toll, and would thereby be estopped to deny, that the plaintiff had a claim to recover damages, when they had actually received toll of him.            Judgment affirmed.